CHICORY v. INDUSTRIAL DEVELOPMENT CO.

VENDOR AND PURCHASER—MORATORIUM—SUMMARY PROCEEDING—
SPECIFIC PERFORMANCE.

Purchasers under land contract who failed to restore defaulted
contract by payment of amount adjudged due in summary pro-
ceeding or to redeem while enjoying moratorium immunity may
not have specific performance thereof while there is an out-
standing, presently effective judgment of ouster.

Appeal from Monroe; Golden (Clayton C.), J.
Submitted June 7, 1939. (Docket No. 31, Calendar
No. 40,541.) Decided September 5, 1939.

Bill by Sue Chicory and E. S. Wm. Chicory against
Industrial Development Company, a Michigan cor-
poration, and Joseph J. Bairley, Monroe county
sheriff, for specific performance of a land contract
and to restrain the enforcement of a writ of restitu-
tion. Bill dismissed. Plaintiffs appeal. Affirmed.

*Black & Black,* for plaintiffs.

*Golden, Fallon & Walters,* for defendant.

WIEST, J. Plaintiff, Sue Chicory, July 1, 1929,
under land contract, purchased from the Industrial
Development Company a lot in a subdivision in
Monroe county at a price of $1,870, made a down
payment of $187 and agreed to pay the balance in
monthly instalments of $18.70. As such vendee she
failed to make payments and, on June 28, 1933, in
a summary proceeding before a circuit court com-
missioner, judgment of ouster was entered and Oc-
tober 9, 1933, writ of restitution issued. No appeal

was taken from that judgment or payment made of the amount found due and no such redemption made but November 10, 1933, the vendee, joined by her husband, filed a bill in the circuit court for moratorium relief and obtained stay of the writ of restitution upon compliance with terms imposed by the court and thereafter at each legislative extension of the power to grant such relief it was invoked and granted until the power in such a case as this ended on November 1, 1938.   This left the judgment of ouster fully operative.

Evidently with this in mind plaintiffs herein obtained from the vendor an extension of two weeks in which to pay the amount due.   No payment was made and November 22, 1938, a writ of restitution again was issued.   That same day plaintiffs filed the bill herein for specific performance of the land contract, recorded a *lis pendens,* and seven days later filed an amended bill, alleging a tender of $209.94 in full payment of the contract.   Issue was joined, proofs taken, the tender found wholly insufficient and the bill dismissed.

The judgment of ouster, entered in 1933, is in full force and, now, the moratorium delay being removed, plaintiffs are bound thereby and cannot, with such adjudication standing against them, have specific performance of the land contract.

Failure to appeal from the judgment of ouster or restore the contract by payment of the amount adjudged then due, as provided by statute, followed by failure to redeem while enjoying moratorium immunity from ouster, bars suit for specific performance.

The decree in the circuit court is affirmed, with costs.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.   McALLISTER, J., did not sit.